# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-11154
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Alvaro Cervantes, Jr.,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-94-1

————————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jose Alvaro Cervantes, Jr., appeals his conviction for possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Second Amendment and is therefore unconstitutional on its face. He also argues that § 922(g)(1) exceeds Congress's authority under the Commerce Clause. Cervantes concedes that

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

these issues are foreclosed by our precedent and raises them to preserve for further review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file an appellate brief.

The parties are correct that Cervantes's arguments are foreclosed. We rejected a facial Second Amendment challenge to § 922(g)(1) in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Regarding Cervantes's as-applied Second Amendment challenge, Cervantes has prior felony convictions for evading arrest in a vehicle and for burglary of a vehicle. We have held these felonies are valid § 922(g)(1) predicates, and Cervantes makes no argument as to why a different result is warranted here. *See United States v. Simpson*, 152 F.4th 611, 614 (5th Cir. 2025) ("We have previously treated evading arrest or detention with a vehicle as 'violent conduct' that can support a conviction under § 922(g)(1)."); *United States v. Alaniz*, 146 F.4th 1240, 1241 (5th Cir. 2025) ("Founding-era burglary laws support the constitutionality of disarming felony burglary convicts under § 922(g)(1)."). Finally, Cervantes's challenges based on the Commerce Clause are likewise foreclosed. *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.